FIFIELD, Survivor, &c. *against* BROWN and others.

J. PLATT, moved for a rule that all proceedings stay on the part of the plaintiff, till the costs of a former suit in favor of the same plaintiff against the same defendants, (in which the *capias* was served on Brown only, (for the same cause of action, be paid.

In the first cause, Brown had pleaded a discharge under the act to abolish imprisonment for debt, &c., obtained after the commencement of the suit. The defendants' attorney entered a rule to reply, served a notice thereof on the plaintiff's attorney, and entered a default for want of a replication. The default was entered March 26th, 1823. May 16th, of the same year, the plaintiff's attorney entered a rule of course, in the common rule book, that the plaintiff have leave to discontinue that suit without costs; and immediately commenced the present suit.

*The rule to discontinue, on receiving a solvent discharge, is not a rule of course.*

*Motion to stay proceedings till the costs of a former suit be paid, comes too late after judgment perfected.*

*B. F. Butler*, contra, read an affidavit of the plaintiff's attorney. showing that the judgment had been perfected, before he received notice of this motion.

*Curia.* The rule to discontinue was irregular. It is not of course to enter a rule to discontinue without costs, on receiving a plea of the defendants' discharge under the insolvent act. This can be done only upon special motion, and under circumstances to be shown on affidavit and approved by the Court. We should grant the motion, therefore, as applied for, but it comes too late. Judgment is perfected. Where an issue is joined in a cause, a motion to stay proceedings for non-payment of the costs of a former action, may be made before trial in the second. (*Cuyler* v.

*Vandcrwerk,* 1 John. Cas. 247.) But clearly, it cannot be made after judgment.